**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 26-57-DLB**

**ABDUL SABOOR BEKZADA** **PETITIONER**

**v.** **MEMORANDUM ORDER**

**MARC FIELDS, et al.** **RESPONDENTS**

* * * * * * * * * * * * * * * *

## I. INTRODUCTION

This matter is before the Court upon Petitioner Abdul Saboor Bekzada's Motion to Alter of Amend the Court's July 30, 2026 Order (Doc. # 24). (*See* Doc. # 25). For the following reasons, the Court **denies** the Motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case has taken a winding procedural path to arrive at the Motion now before the Court. A brief review of that history is therefore in order.

Bekzada, a native and citizen of Afghanistan, filed a Petition for Writ of Habeas Corpus on February 10, 2026, asking the Court, at "[a]n absolute minimum," to order a "prompt individualized custody hearing before a neutral decision maker." (Doc. # 1 at 1). The Court agreed and ordered that he receive a bond hearing. (Doc. # 9 at 21).

An initial bond hearing was held on March 17, 2026 (Doc. # 10 at 1), and six days later, the Immigration Judge ("IJ") issued an order denying bond, finding that Bekzada posed a flight risk (Doc. # 10-1). Bekzada, on June 11, filed a Motion to Enforce, claiming that burden of proof at his hearing had been improperly placed on him. (Doc. # 15 at 1).

Again, the Court agreed and ordered another bond hearing. (Doc. # 16 at 5). That hearing was held on June 29, 2026 (Doc. # 18 at 1), where IJ Natalie Walker denied bond and noted that he was a flight risk (Doc. # 18-1 at 2).

But that was not the end of the matter. On July 4, 2026, Bekzada filed a Second Motion to Enforce, again arguing that the burden of proof had been improperly placed on him. (*See* Doc. # 19). This time, however, the Court denied the Motion, concluding that Bekzada had failed to demonstrate that his bond hearing was constitutionally inadequate. (*See* Doc. # 24). Bekzada now moves under Fed. R. Civ. P. 59(e) to amend or alter that decision, arguing that the Court erred in denying his Second Motion to Enforce. (Doc. # 25).

## III. LEGAL STANDARD

"In this circuit, a district court may alter a judgment under Rule 59 based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2012). A Rule 59(e) motion, however, "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). And "[d]istrict courts have 'considerable discretion' in deciding whether to grant Rule 59(e) motions[.]" *Est. of Marr v. City of Glasgow, Kentucky*, No. 25-5662, 2026 WL 735026, at *8 (6th Cir. Mar. 16, 2026) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

## IV. ANALYSIS

Bekzada's Motion focuses on the Court's analysis of the burden of proof at the second bond hearing. (Doc. # 25 ¶ 2). Specifically, he argues that (1) the Court's Order

"attributes to the Immigration Judge a finding she never made"; and (2) the Court's Order improperly "treat[ed] qualities of attorney argument as evidence capable of satisfying the Government's burden." (*Id.* at 2, 5). Neither argument warrants reconsideration.

Start with the first argument. Bekzada criticizes the Court for relying on IJ Walker's acknowledgment of the proper burden of proof without independently determining whether the Government satisfied that burden. (*See id.* ¶¶ 6-7). But that misconstrues the Court's standard of review on a motion to enforce. In reviewing such a motion, "the Court's task is narrow: it is to determine whether Respondent complied with the [Court's Order], not to review the hearing evidence *de novo*." *Blandon v. Barr*, 434 F. Supp. 3d 30, 38 (W.D.N.Y. 2020) (internal quotations omitted). What the Court had before it, then, was IJ Walker's written decision and a declaration from Bekzada's counsel describing the bond hearing. (Docs. # 19-1 and 19-2). And the written decision, as the Court noted, "recited the standard set by this Court"—that the Government bears the burden of proof by clear and convincing evidence—and, in the very next sentence, certified compliance with the Court's order. (Doc. # 24 at 5).

"[I]f the immigration court 'expressly cited and applied the relevant case law in rendering its decision,' the Court accepts that 'it applied the correct legal standard[.]'" *Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307, at *7 (E.D. Cal. Mar. 13, 2026) (quoting *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024)). The Court will not "infer noncompliance on the part of an IJ where there appears to be a good faith effort to comply with this Court's mandate." *Id.* At the outset of her decision, IJ Walker expressly acknowledged the correct burden of proof. (Doc. # 19-2 at 1). The Court,

therefore, did not clearly err in crediting that acknowledgment as evidence that IJ Walker applied the proper standard. *See Nolfi*, 675 F.3d at 551-52.

Turn to the second argument. Bekzada contends, in essence, that the Court improperly treated attorney argument as evidence sufficient to satisfy the Government's burden of proof. (*See, e.g.*, Doc. # 25 ¶ 13). Not so. The Court considered the limited record before it: IJ Walker's written decision and a declaration from Bekzada's counsel. And the Court acknowledged counsel's statement that "DHS argue[d] that [Bekzada] posed a flight risk." (Doc. # 19-1 ¶ 12). But the Court did not hold that the mere *existence* of attorney argument was sufficient to satisfy the burden. Rather, without a transcript of the hearing,[1] the Court understandably declined to "step past jurisdictional lines and blindly state that DHS did not present sufficient evidence[.]" (Doc. # 24 at 6).

Resisting this conclusion, Bekzada argues that "Respondents were positioned to controvert [his counsel's declaration] and did not." (Doc. # 25 ¶ 21). But Bekzada "has it exactly backward. [*He*] bears the burden of proving that this Court's Order was violated[.]" *Moreno v. Warden Baltimore Ice Det.*, No. CV MJM-26-845, 2026 WL 981166, at *2 (D. Md. Apr. 13, 2026) (internal citations omitted) (emphasis added). Put differently, that the Government bore the burden of proof at the bond hearing does not mean the Government bore the burden of disproving Bekzada's allegations on a later motion to enforce. And on the limited record before it, the Court concluded that Bekzada failed to demonstrate that

[1] Curiously, Bekzada did not submit a transcript of the bond hearing with his second motion to enforce, even though his counsel acknowledged having listened to the recording. (Doc. # 19-1 ¶ 2 ("This declaration is based on . . . the Digital Audio Recording ('DAR') of the bond hearing available to the parties[.]")). But even if Bekzada submitted it now, Rule 59(e) generally does not permit a court to alter or amend a judgment based on evidence that was previously available. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (concluding that, "[t]o constitute 'newly discovered evidence' [under Rule 59(e)], the evidence must have been previously unavailable").

either the IJ or the Government failed to comply with the Court's order. After all, IJ Walker's written decision reflects her consideration of the *Matter of Guerra* factors, Bekzada's exhibits, and the evidence relevant to those factors. (*See, e.g.*, Doc. # 19-2 at 2) (observing that Bekzada's "short length of residence" in the United States counseled against release)). *See also De Leon Trejo v. Bullock*, No. 26-5186, 2026 WL 2057094, at *2 (6th Cir. May 14, 2026) (concluding, in part, that the detainee failed to show his bond hearing "was a sham" where the "IJ highlighted concerns about [the detainee's] sponsor and [the detainee's] history of leaving the country and returning multiple times"). Nor does Bekzada identify any authority suggesting that the Government could not satisfy its burden by relying on evidence already before the IJ. (*See* Doc. # 25 ¶ 18 ("Petitioner does not press a categorical rule that DHS must always introduce documentary evidence of its own.")). Any further challenge to the IJ's assessment of that evidence, then, "raises quintessentially factual arguments about the IJ's decision," which "fall[s] outside the bounds of the Court's jurisdiction." *Marroquin v. Noem*, No. CV 26-45-DLB, 2026 WL 575222, at *4 (E.D. Ky. Mar. 2, 2026).

One final point. Bekzada requests, in the alternative, that "Respondents be directed to lodge the official recording or transcript of the June 29, 2026 hearing on which their opposition relied[.]" (Doc. # 25 ¶ 24). But again, Bekzada "bears the burden of proving that this Court's Order was violated[.]" *Moreno*, 2026 WL 981166, at *2. His request to shift that burden to the Government, therefore, is not well-taken.

## V. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. Bekzada's Motion to Amend or Alter the Court's July 30, 2026 Order (Doc. # 25) is **DENIED**;
2. This matter is hereby **DISMISSED** and **STRICKEN** from the Court's active docket.

This 14th day of October, 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2026\26-57 Order Denying Rule 59(e) Motion.docx